## Commonwealth v. Harry F. Murphy Co., Inc.

*Taxation — Corporations — Capital stock tax — Manufacturing — Act of June 1, 1889.*

A corporation engaged in the business of assembling, producing and installing heating and ventilating systems is not engaged exclusively in manufacturing, and is not, therefore, exempt from the capital stock tax under the provisions of section 21 of the Act of June 1, 1889, P. L. 420. It is immaterial that the corporation has the charter right to manufacture the machinery, devices and materials incidental to the business in which it is engaged, for exemption is extended only to corporations engaged exclusively in manufacturing.

Appeal from settlement by the Commonwealth of capital stock tax. C. P. Dauphin Co., Commonwealth Docket, 1920, No. 78.

*William I. Schaffer* and *George E. Alter*, Attorneys-General, and *Frank M. Hunter*, Deputy Attorney-General, for plaintiff.

*Joseph V. Somers* (of Philadelphia), for defendant.

HARGEST, P. J., Sept. 12, 1921.—This case comes before us on an appeal from the settlement made June 23, 1919, by the Auditor General and State Treasurer, against the appellant company for the tax on its capital stock for the year 1918. A stipulation has been filed, dispensing with a trial by jury, pursuant to the Act of April 22, 1874, P. L. 109.

### Facts.

The facts, which have been agreed upon, are as follows:

1. The Harry F. Murphy Co., Inc., a Pennsylvania corporation, was incorporated for the purpose of "conducting a general construction business, including the design, installation, alteration, repair, renewal and other construction of all kinds of heating, lighting, hoisting, ventilating, filtering, piping, plumbing, sewage, sanitary, power and other service plants, systems or conveniences, and the manufacture, purchase, sale and supply of all kinds of machinery, devices, materials and other things incidental to or necessary for such general construction work."

2. Since its incorporation, the appellant company has been exclusively engaged in assembling, producing and installing heating and ventilating systems according to the following method, namely: "The method of the company is to procure boilers, radiators, valves, piping and other necessary parts and assemble them in buildings of its patrons and customers. The company does not sell or use any of these parts separately, nor does it repair any plant by the installation of any part. The parts mentioned above are procured from different sources; that is, boilers and radiators are procured from one plant; valves from another; different kinds of valves from different plants; piping is procured from another plant. No one plant supplies all these parts. The company does not sell any of these parts as such, but puts them together in different combinations and installs them as one complete system. The company does not do any repair work, nor does it sell any of the above mentioned parts separately."

The company makes no heating or ventilating systems except to supply orders.

### Discussion.

The question is whether the business carried on by the appellant corporation is exclusively manufacturing. The purpose of the corporation, as shown by its charter, includes manufacturing, but the corporation is not exempt from taxation unless its capital stock is actually and exclusively engaged in

1 D. & C.

manufacturing during the tax year, as provided by section 21 of the Act of June 1, 1889, P. L. 420, 429, and the various amendments.

In the case of Com. v. J. Frank Boyer Plumbing and Heating Co., 30 Dist. R. 275, Judge Sadler, specially presiding in this court, after a careful examination of many authorities, concluded that a business precisely like the business of this appellant was not manufacturing. It is not necessary either to quote from his opinion or to cite other authorities. We can see no distinction whatever between the case of J. Frank Boyer Plumbing and Heating Company and this case. We conclude that the capital stock of the Harry F. Murphy Co., Inc., was not, for the tax year 1918, exclusively engaged in manufacturing.

We, therefore, find that the company is indebted to the Commonwealth as follows:

Amount of settlement.................................... $83.70
Interest from Aug. 23, 1919............................. 10.27
Attorney-General's commission.......................... 4.69

Total........................................,......... $98.66

And now, Sept. 10, 1921, judgment is entered in favor of the Commonwealth and against the defendant company for the sum of $98.66, unless exceptions be filed within the time limited by law.

From William Jenkins Wilcox, Harrisburg, Pa.